IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY MATLOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-898-D |
| ) | |
| AMERICAN HEALTH AND ) | |
| LIFE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

For good cause shown, the Motion by Trustee in Bankruptcy to be Substituted as Plaintiff [Doc. No. 26] is **GRANTED**. "A Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." *Bradbury Co., Inc. v. Teissier-duCros*, 231 F.R.D. 413, 414-15 (D. Kan. 2005) (quoting *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997)). The requested substitution is necessary and proper pursuant to Fed. R. Civ. P. 17(a), due to Plaintiff's filing of a voluntary petition under Chapter 13 of the United States Bankruptcy Code. Plaintiff's bad faith breach of contract claims against Defendant are property of the bankruptcy estate and the Trustee appearing on behalf of the estate has become the real party in interest.

**IT IS THEREFORE ORDERED** that John Hardeman, as Trustee of the

Bankruptcy Estate of Larry Matlock, is substituted as Plaintiff in this matter and that the caption of the case shall be amended to reflect the substitution.

**IT IS SO ORDERED** this 18th day of April, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE